IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| NELSON WEBB, et al., | : | Case No. 1:22-cv-566 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| THE AZEK COMPANY, LLC, *d/b/a* Azek Timber Tech, | : | |
| Defendant. | : | |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 6). Defendant timely responded in opposition (Doc. 8), to which Plaintiffs replied in support (Doc. 9). Thus, the matter is ripe for review. For the reasons below, the Motion to Remand is **DENIED**.

### BACKGROUND

This matter revolves around injuries Plaintiff Nelson Webb, an Ohio resident, suffered while on the job for "The Azek Company, LLC dba Azek Timber Tech," his former employer. (Compl., Doc. 3, Pg. ID 17.) Plaintiffs, Nelson and Christina Webb, allege that The AZEK Company, LLC has its principal place of business in Clinton County, Ohio. (*Id.*) The AZEK Company, LLC is a registered trade name with the state of Ohio, with its user and registrant being CPG International LLC. (*See* OHIO SECRETARY OF STATE, https://businesssearch.ohiosos.gov/ (search in search bar for "The AZEK

Company, LLC") (last visited Jun. 9, 2023)). CPG International LLC is a Delaware corporation with its principal place of business in Illinois. (Notice of Removal, Doc. 1, Pg. ID 1.)

Plaintiffs allege that Nelson Webb's injuries were caused by Defendant's conduct. (Compl., Doc. 3, Pg. ID 18.) Plaintiffs seek monetary damages "in an amount in excess of $25,000." (*Id*. at 19.) Defendant argues, and Plaintiffs do not contest, that the amount in controversy is greater than $75,000, since Plaintiffs seek compensatory damages for Nelson Webb's medical expenses, lost wages and permanent earning capacity impairment, and pain and suffering. (*See id*. at 18-19; *see also* Notice of Removal, Doc. 1, Pg. ID 2.)

Plaintiffs first filed this matter in Clinton County, Ohio Court of Common Pleas on August 15, 2022. (Notice of Removal, Doc. 1, Pg. ID 1.) The Summons and Complaint were originally issued via certified mail on August 16, 2022 with a return receipt requested. (Motion to Remand, Doc. 6, Pg. ID 43.) When filed on August 22, 2022, the Return Receipt was neither signed nor dated. (*Id*.) Clinton County Court of Common Pleas then filed a Notice of Failure of Service on August 22, 2022. (*Id*.) Plaintiffs again requested service on September 16, 2022, this time by personal service. (*Id*. at 42-43.) The Summons and Complaint were issued that day by ordinary mail. (*Id*. at 42.) The Summons was returned and filed on September 29, 2022, and Defendant simultaneously removed this case to this Court. (*Id*.) Following such removal, Plaintiffs filed the instant motion.

## LAW

Federal courts have original jurisdiction over a case when there is complete diversity between all named parties and the value at stake exceeds $75,000. 28 U.S.C. § 1332(a). If a case meets those jurisdictional requirements but is filed in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). Courts construe the removal statute strictly in favor of state court jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and resolve doubt in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). If subject matter jurisdiction is lacking, the district court must remand the case. *Total Quality Logistics, LLC v. Navajo Express, Inc.*, No. 1:18-CV-230, 2018 WL 2001434, at *2 (S.D. Ohio Apr. 30, 2018).

## ANALYSIS

Plaintiffs seek remand for two reasons. First, Plaintiffs argue that there is no diversity of citizenship between the parties, as Plaintiffs sued the trade name The AZEK Company, LLC, whose principal place of business is in Clinton County, Ohio. Additionally, Plaintiffs argues that Defendant did not timely remove this action because Defendant was properly served on August 22, 2022. Each argument is discussed in turn.

### I.  Trade Name

As an initial matter, the Court must determine whether Plaintiffs sued a trade name. Plaintiffs sued The AZEK Company, LLC dba AZEK Timber Tech. (Compl., Doc.

3

3, Pg. ID 17.) The AZEK Company, LLC is a registered trade name with the state of Ohio. (*See* OHIO SECRETARY OF STATE, https://businesssearch.ohiosos.gov/ (search in search bar for "The AZEK Company, LLC") (last visited Jun. 9, 2023)). Defendant argues that it is not a trade name as pled. Defendant claims that because it is pled as a "dba" it cannot be a trade name. But Defendant cites no case law to support such contention. Defendant solely cites to the Ohio Revised Code, yet the sections Defendant cites do not stand for such proposition. Thus, the Court finds that The AZEK Company, LLC, as pled, is a registered trade name with the state of Ohio.

Next, the Court must determine whether diversity exists. Complete diversity must exist at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The removing party has the burden to establish that complete diversity exists. *Id.* at 493. Plaintiffs argue that diversity is not complete, asserting that, because the trade name is The AZEK Company, LLC, then Defendant's citizenship should be analyzed as a limited liability company. Plaintiffs cite no case law in support of such contention and the Court is unpersuaded.

Plaintiffs also cite no case law to support the notion that a trade name has different citizenship than its user or agent who registered the trade name for jurisdiction purposes. Under Ohio law, a "trade name" is "a name used in business or trade to designate the business of the user and to which the user asserts a right to exclusive use." Ohio Rev. Code § 1329.01(A)(1). A trade name is used for the benefit of the "user." *See id*. Thus, the trade name would then have the same citizenship as the user who registered it. CPG International LLC is the user who registered The AZEK Company, LLC. (*See* OHIO

4

SECRETARY OF STATE, https://businesssearch.ohiosos.gov/ (search in search bar for "The AZEK Company, LLC") (last visited Jun. 9, 2023)). CPG International LLC is a Delaware corporation with its principal place of business in Illinois. (Notice of Removal, Doc. 1, Pg. ID 1.) Thus, because Plaintiffs are Ohio citizens, complete diversity exists.

Additionally, Defendant requests that this Court allow Defendant to "correct the record and file an Answer on behalf of the correct entity, CPG International LLC." (Response in Opp., Doc. 8, Pg. ID 52.) Plaintiffs oppose. This Court has previously held that an action may be maintained against a trade name. *See Hunter v. Shield*, 550 F. Supp. 3d 500, 527 (S.D. Ohio 2021). Therefore, The AZEK Company, LLC dba AZEK Timber Tech is properly named as the Defendant in this matter.

## II. Timeliness

Next, the Court must determine whether Defendant timely removed this action. A defendant must file a notice of removal within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). The 30-day timeframe for removal is triggered by: (1) simultaneous service of the Summons and Complaint, (2) receipt of the complaint, through service or otherwise, apart from service of the summons, or (3) waiver of service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Failure to timely comply with § 1446(b)(1) acts as an absolute bar on removal. *Brown v. CoreCivic, Inc.*, No. 4:18CV2044, 2018 WL 5883991, at *3 (N.D. Ohio Nov. 9, 2018).

Plaintiffs argue that the 30-day requirement was triggered on August 22, 2022, when the Return Receipt was returned and filed in Clinton County Court of Common

5

Pleas. (*See* Motion to Remand, Doc. 6, Pg. ID 43.) If the removal requirement was triggered on August 22, 2022, as Plaintiffs contend, Defendant was required to remove this action by September 22, 2022. But Defendant claims that the removal-clock did not begin to run until the summons was return and filed on September 29, 2022, following Plaintiffs' request that the Summons and Complaint be issued by personal mail on September 16, 2022. (*See id.* at 42.) Under Defendant's theory, Defendant timely filed the Notice of Removal on September 29, 2022 (with 30 days to spare).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition of a named defendant." *Murphy Bros., Inc.*, 526 U.S. at 350. This is why, "absence service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* A party is not "officially" a party until it is "required to take action in that capacity[.]" *Id.* Such requirement occurs "upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* Thus, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Formal and effected service triggers the 30-day removal-clock. *Steele v. United States*, No. 1:19-CV-00705, 2019 WL 6712024, at *4 (S.D. Ohio Dec. 10, 2019), *report and recommendation adopted*, No. 1:19-CV-705, 2020 WL 1042529 (S.D. Ohio Mar. 4, 2020).

Formal service was not effected until September 16, 2022. The Summons and Complaint were originally issued via certified mail on August 16, 2022 with a return

6

receipt requested. (Motion to Remand, Doc. 6, Pg. ID 43.) The Return Receipt was filed on August 22, 2022 but was not signed. (*Id.*) Under Ohio law, "service of process via certified mail is evidenced by a return receipt signed by any person." *Progressive Direct Ins. Co. v. Williams*, 186 N.E.3d 337, 340-41 (Ohio Ct. App. 2022). Service of process is not presumed valid and effected by certified mail unless a signed returned receipt is filed. *Id.* at 341. Therefore, because the Return Receipt was not signed or dated when filed on August 22, 2022, service was not properly effected.

Because Plaintiffs failed to effect proper service on August 22, 2022, Clinton County Court of Common Pleas filed a Notice of Failure of Service. (Motion to Remand, Doc. 6, Pg. ID 43.) The Notice led to Plaintiffs again requesting service on September 16, 2022, this time by personal service. (*Id.* at 42-43.) The Summons and Complaint were issued that day by ordinary mail. (*Id.* at 42.) Under Ohio law, service by ordinary mail is effective "when the fact of mailing is entered on the record, unless the ordinary mail envelope is returned undelivered." *Cappellino v. Marcheskie*, No. 2008-T-5322, 2008 WL 4561156, at *3 (Ohio Ct. App. Oct. 10, 2008); *see also* Ohio R. Civ. P. 4.6(D). Here, the ordinary mail envelope was not returned undelivered. Thus, service was effective on September 16, 2022. Defendant timely returned and filed the summons on September 29, 2022 and immediately filed the Notice of Removal. (*See* Motion to Remand, Doc. 6, Pg. ID 41-42; *see also* Notice of Removal, Doc. 1, Pg. ID 1.) Therefore, Defendant timely removed this action.

## CONCLUSION

For the reasons above, Plaintiffs' Motion to Remand (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

By: *[signature: Matthew W. McFarland]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND